UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROLDOLFO GUERERRO ALVAREZ, | 1: 06 CV 01610 AWI WMW HC |
| Petitioner, | MEMORANDUM OPINION AND ORDER DENYING PETITIONER'S MOTION TO VACATE JUDGMENT |
| v. | [Doc.22] |
| D. K. SISTO, | |
| Respondent. / | |

Petitioner is a state prisoner proceeding with a petition for writ of habeas corpus pursuant to 28 U.S.C. Section 2254. Pending before the court is Petitioner's motion for relief from judgment pursuant to Rule 60(b)(1), Federal Rules of Civil Procedure. Respondent opposes the motion.

The Clerk of the Court entered judgment in this case on February 26, 2008. In the memorandum opinion and order granting Respondent's motion to dismiss, entered the same day, the court noted that Petitioner had not responded to Respondent's motion.

Petitioner filed his motion for relief from judgment on August 21, 2008. In his motion, Petitioner claims that on July 9, 2007, he mailed to the court an application for an enlargement of time to file an opposition to Respondent's motion to dismiss. Petitioner further claims that on August 13, 2007, he mailed to the court an opposition to Respondent's motion to dismiss. He states

that he does not understand why the court did not receive these documents.  Petitioner further states that he is dependent on the assistance of a fellow prisoner to help him with his case.

Pursuant to Federal Rule of Civil Procedure 60(b), the court may relieve a party from a final judgment based on specific grounds, such as: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud; (4) a void judgment; (5) a satisfied or discharged judgment; or (6) "extraordinary circumstances" which would justify relief.  School Dist. No. 1J Multnomah County v. ACandS, Inc., 5 F.3d 1255, 1263 (9th Cir. 1993).  All motions made pursuant to Rule 60(b)(1)-(3) must be brought not more than one year from the entrance of the order. All other Rule 60(b) motions must be brought within a reasonable time, which considers the facts of each case, taking into consideration the interest in finality, the reason for delay, the practical ability of the litigant to learn earlier of the grounds relied upon, and prejudice to the other parties." Ashford v. Steuart, 657 F.2d 1053, 1055 (9th Cir.1981) (per curiam).

In this case, although Petitioner claims to have mailed both his application for an extension of time and his opposition to Respondent's motion to dismiss to this court, the court has no record of receiving either document.  Petitioner has provided the court with no evidence to support his claims that he mailed these documents.  Further, in opposing Petitioner's present motion, Respondent has provided copies of the outgoing mail logs from Petitioner's institution, which show no entries in Petitioner's outgoing mail log from June 2007 until August 11, 2008.  Finally, Petitioner's reliance on a fellow inmate provides no basis to vacate the judgment in this case, because Petitioner has no right to assistance of counsel in a habeas proceeding.  Jeffers v. Lewis, 68 F.3d 299, 300 (9th Cir. 1995).

However, even if the court presumes Petitioner did timely filed the documents attached to his motion for reconsideration as an opposition to the motion to dismiss, it would not provide a ground to vacate the judgment.   The basis of Petitioner's opposition to dismissal is that he cannot speak English.  As such, Petitioner contends that the some ten year delay between the statute beginning to run and the filing of this petition should be equitably tolled.  In certain circumstances, a habeas petitioner's inability to obtain habeas materials in his own language or procure translation can be grounds for equitable tolling of the AEDPA's one-year statute of limitations.  See Mendoza v. Carey,

449 F.3d 1065, 1069 (9th Cir. 2006); see also Cobas v. Burgess, 306 F.3d 441, 444 (6th Cir. 2002). In Mendoza, the Ninth Circuit concluded that the combination of (1) a prison law library's lack of Spanish-language legal materials, and (2) a petitioner's inability to obtain translation assistance before the one-year deadline could constitute extraordinary circumstances. Id.  However, a "non-English-speaking petitioner seeking equitable tolling must, at a minimum, demonstrate that during the running of the AEDPA time limitation, he was unable, despite diligent efforts, to procure either legal materials in his own language or translation assistance from an inmate, library personnel, or other source." Id. at 1070.

Here, Petitioner presents no admissible evidence that his language skills were the "but for" cause of his inability to timely file a federal habeas action.   While Petitioner's current legal assistant has signed a declaration listing Petitioner's attempts to file a petition, Petitioner's assistant's recitation of facts is hearsay.   Petitioner's own declaration concerns only language caused delays beginning in 2005, some eight years after the limitation period had already ended.  Thus, Petitioner has not provided admissible proof that his language barriers cause the late filing.

In light of the above, the court finds no basis to vacate the judgment in this case. Accordingly, Petitioner's motion is HEREBY DENIED.

IT IS SO ORDERED.

**Dated:     October 8, 2008**               **/s/ Anthony W. Ishii**
                                      CHIEF UNITED STATES DISTRICT JUDGE