<pre>
                    UNITED STATES DISTRICT COURT

                    EASTERN DISTRICT OF CALIFORNIA


ROLDOLFO GUERERRO ALVAREZ,   )    1:06-cv-01610 AWI YNP DLB (HC)
                             )
              Petitioner,    )    ORDER DENYING PETITIONER'S
                             )    MOTION FOR RECONSIDERATION
     v.                      )
                             )    [Doc. #26]
                             )
D.K. SISTO,                  )
              Respondent.    )
_____)
</pre>

Petitioner is a state prisoner proceeding pro se with a habeas corpus petition pursuant to 28 U.S.C. § 2254.

On February 26, 2008, this Court issued an order granting Respondent's motion to dismiss the petition. (Doc. #20). Petitioner filed a motion to vacate the order, which Respondent opposed. (Docs. #22, 24). The court denied Petitioner's motion on October 9, 2008. (Doc. #25) On December 1, 2008, Petitioner filed a motion for reconsideration. (Doc. #26). It is that motion which is presently at issue.

Federal Rule of Civil Procedure 60(b) governs the reconsideration of final orders of the district court. The rule permits a district court to relieve a party from a final order or judgment on the grounds of: "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence . . . ; (3) fraud . . . of an adverse party; (4) the judgement is void; (5) the judgment has been satisfied . . . ; or (6) any other reason justifying relief from the operation of the judgment." Fed.R.Civ.P. 60(b). The motion for reconsideration must be made within a reasonable time, in any event, "not more than one year after the judgment, order, or proceeding was entered or taken." Id.

Motions to reconsider are committed to the discretion of the trial court. Combs v. Nick Garin Trucking, 825 F.2d 437, 441 (D.C. Cir. 1987); Rodgers v. Watt, 722 F.2d 456, 460 (9th Cir. 1983) (*en banc)*. To succeed, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision. See e.g., Kern-Tulare Water Dist. v. City of Bakersfield, 634 F.Supp. 656, 665 (E.D. Cal. 1986), *aff'd in part and rev'd in part on other grounds*, 828 F.2d 514 (9th Cir. 1987), *cert. denied*, 486 U.S. 1015 (1988). The Ninth Circuit has held that "[c]lause 60(b)(6) is residual and 'must be read as being exclusive of the preceding clauses.'" LaFarge Conseils et Etudes, S.A. v. Kaiser Cement, 791 F.2d 1334, 1338 (9th Cir. 1986), *quoting* Corex Corp. v. United States, 638 F.2d 119 (9th Cir. 1981). Accordingly, "the clause is reserved for 'extraordinary circumstances.'" Id.

In the Court's order denying Petitioner's motion to vacate the judgment it was found that Petitioner could not prove that he had filed certain pleadings with the court because they did not appear on the docket nor did they appear on Petitioner's outgoing mail logs kept by Petitioner's institution. (Doc. #25 at 2). Petitioner has filed this second post conviction motion because he claims that he can prove that the pleadings in question were filed and that the outgoing mail log was wrong. (Doc. #26, Ex. A). Prisoner's argument is of no avail however, because in the order denying petitioner's motion to vacate the judgement, the District Court Judge found that even if the Petitioner had filed the pleadings in a timely matter, it would not provide grounds on which to vacate the judgement. (Doc. #25 at 2).

Petitioner's arguments do not rise to the level of any of reasons set forth Rule 60(b) to grant relief from a judgment, accordingly, Petitioner's motion is DENIED.

IT IS SO ORDERED.

Dated:   **July 9, 2009**          /s/ **Dennis L. Beck**
                                    UNITED STATES MAGISTRATE JUDGE